IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| AUDREY D. PRICE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | **3 : 09-CV-59 (CDL)** |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## RECOMMENDATION

The above-styled Social Security appeal is presently before the Court on Plaintiff's second Motion for Attorney's Fees. (Doc. 17).   On September 13, 2010, the district court entered an order reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings. (Doc.13).   Plaintiff previously brought a Motion for Attorney's Fees on November 9, 2010.  (Doc. 15).   The Court granted the Motion, and awarded Plaintiff $1,603.92 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").   Plaintiff's attorney now seeks an award of attorney's fees under 42 U.S.C. § 406(b)(1) in the amount of $26,530.25, representing a contingency fee agreement of twenty-five percent (25%) of Plaintiff's past due benefits.

Mr. Silver has submitted an affidavit stating that attorneys or paralegals spent a total of 11.6 hours on this case, consisting of 7.7 attorney hours and 3.9 paralegal hours.   Based on the hours testified to by Mr. Silver, granting the full fee award requested would result in a *de facto* rate of $2,287.09 per hour for 11.6 hours of work, and $3,445.49 per hour for the 7.7 attorney work

hours.   The Commissioner opposes this petition because it creates a "windfall" for the attorney. (Doc. 18).

The Court may determine and allow a reasonable contingency fee for representation of a social security appeal, so long as it is not in excess of twenty-five percent (25%).   42 U.S.C. § 406(b)(1); *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010).   If the requested fee is within the twenty-five percent (25%) limit, "the court must then determine whether the fee sought is reasonable for the services rendered." *Jackson*, 601 F.3d at 1271 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).   "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." *Id.*

Plaintiff's attorney bears the burden of persuasion to "show that the fee sought is reasonable for the services rendered." *Gisbrechet*, 535 U.S. at 807, n. 17.   To assist with the Court's assessment regarding the reasonableness of the fees, the attorney may submit the fee agreement, a record of the hours spent representing the claimant, and a statement of the attorney's normal hourly billing charge for a non-contingency fee case. *Gisbrecht*, 535 U.S. at 808.

Herein, Plaintiff's attorney, Kent Silver, testified that attorneys or paralegals spent 11.6 hours on this case, 7.7 attorney hours and 3.9 paralegal hours.   (Doc. 17-4, affidavit of Kent Silver).   Mr. Silver also provided the Court with a copy of the fee agreement between himself and Plaintiff.   (Doc. 17-2).   Plaintiff agreed to pay Mr. Silver twenty-five percent (25%) of her past-due benefits, if the Social Security Administration favorably decided Plaintiff's claim at any stage after the first hearing at the ALJ level. (*Id.*).   Mr. Silver bills a non-contingent rate of $400.00 per hour.   (Doc. 17-4, affidavit of Kent Silver, ¶ 5).

2

In his Brief in Support of Motion for Attorney's Fees, Mr. Silver lists several services that may be included in his representation of Plaintiff.  (Doc. 17).  However, after examination of the list, Mr. Silver did not provide many of the services in this case, such as: "drafting a reply brief; preparing for and presenting oral argument;" "assessing [the R&R] for issues requiring objection;" "reviewing the objections filed by the government and filing a response;" and "assess the [final order] for issues requiring appeal".  (*Id.*).  Furthermore, while Mr. Silver cited a case with a list of factors to consider when determining the reasonableness of a fee, he did not provide the Court with sufficient information to determine the applicability of most of the listed factors to this case. The Court finds that Mr. Silver has not met his burden of persuading the Court that the 25% contingency fee is reasonable in this case, and the Court must now determine a reasonable attorney's fee award.

Generally, the best indicator of the reasonableness of a contingency fee agreement in a social security case is the contingency percentage actually negotiated between the claimant and the attorney.  *Coppett v. Barnhart*, 242 F.Supp.2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990); *see also Savage v. Astrue*, 2010 WL 2012032, *2 (M.D. Ga. May 20, 2010).  "However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing."  *Ramer v. Astrue*, 2011 WL 2457704, *1 (M.D. Fla. June 17, 2011); *see also Gisbrecht*, 535 U.S. at 808; *Savage*, 2010 WL 2012032 at *2.

In this case, Plaintiff and Mr. Silver entered into an agreement wherein Plaintiff agreed to pay her attorney "a fee equal to 25 percent of the past due benefits resulting from [her] claim."

(Doc. 17-2).   There is no evidence that Mr. Silver caused any delay in this case.   Moreover, Mr. Silver is an experienced social security attorney, representing disability claimants since 1979. After a review of the filings in this case, the undersigned finds that Plaintiff's likelihood of success was not likely.   Mr. Silver's brief in support of the Complaint was well-organized and well-reasoned, and ultimately led to the reversal and remand of this case.   Without Mr. Silver's representation, Plaintiff would likely not have received benefits.

However, Mr. Silver spent little time on this case in comparison to the past-due benefits received, which is precisely the type of downward adjustment the Supreme Court instructed in *Gisbrecht*.   Mr. Silver filed with this Court a three-page boilerplate Complaint and a sixteen-page brief, not including attachments, cover pages, or certificates of service.   While Plaintiff's chance of success was not likely, there was nothing complex or unique about this case.    A fee award of $26,530.25 for the small amount of time spent on this case constitutes a windfall.

Taking case law and the various above stated factors into account, the undersigned finds that $8,000.00, resulting in a *de facto* rate of $689.66 per hour (considering the total attorney and paralegal hours of 11.6), which is between 1.5 and 2 times the non-contingent hourly rate of counsel, is a reasonable fee for the representation of Plaintiff in this case at the district court level. *See Thomas v. Astrue*, 2010 WL 339787, *3 (M.D. Ga. Jan. 21, 2010) (reducing award to $500 per hour, which was between 1.5 and 2 times counsel's non-contingent hourly rate); *Savage*, 2010 WL 2012032 at *3 (granting an attorney's fee award which resulted in a *de facto* rate of $807.99); *Laprade v. Astrue*, 2008 WL 4735169, *1 (M.D. Ala. Oct. 20, 2008) (reducing the attorney fee award to $8500 for 15 hours of work); *Ellick v. Barnhart*, 445 F.Supp.2d 1166, 1172 (C.D. Cal. 2006) (reducing a §406(b) fee award to 2.5 times the attorney's non-contingent fee).   The

4

reduction of attorney's fees renders an award that does not result in a windfall to counsel, yet still preserves the benefit of the contingency fee agreement.

The Court notes that Mr. Silver represented Plaintiff throughout her administrative proceedings with the Social Security Administration; however, there is no indication that Mr. Silver was awarded fees at the administrative level pursuant to 42 U.S.C. § 406(a).   The Court has not examined, nor made a determination regarding Mr. Silver's ability to petition for an attorney's fee award at the administrative level, and the above-stated recommendation is based solely on Mr. Silver's representation of Plaintiff before this court.

Accordingly, the undersigned RECOMMENDS that Plaintiff's second Motion for Attorney's fees be **GRANTED-in-part**.   The undersigned RECOMMENDS that Plaintiff's counsel be authorized to receive $8,000.00 in attorney's fees pursuant to 42 U.S.C. § 406(b), and RECOMMENDS Plaintiff's counsel be **DIRECTED** to refund to Plaintiff the hourly-rate EAJA fee of $1,603.92 previously awarded by the Court.   *See Jackson*, 601 F.3d at 1274.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 26th day of October, 2012.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf